IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-01133-MSK-MJW

SAMI SALHI, and
MUAYYAD MASOUD,

        Plaintiffs,

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,
MARIO ORTIZ, District Director, United States Department of Homeland Security,
Denver, Colorado,

        Defendants.

## ORDER ON MOTIONS

THIS MATTER comes before the Court on:

(1)     the Defendants' motion to dismiss for lack of jurisdiction **(#17)**, or to remand the matter to the United States Citizenship and Immigration Services, to which the Plaintiffs responded **(#18)** and the Defendants replied **(#21)**;

(2)     the Defendants' motion to dismiss Plaintiff Masoud's claim as moot **(#24)**, to which Mr. Masoud responded **(#32)** and the Defendants did not reply; and

(3)     the parties' stipulated motion for a hearing or status conference **(#30)**, to address Plaintiff Salhi's claim.

Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

For purposes of determining these pending motions, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II. Procedural Background

The Plaintiffs are Sami Salhi and Muayyad Masoud,[1] who are lawful permanent residents of the United States. They commenced this action to compel the Defendants to "complete any and all security checks and clearances required in order to complete the adjudication of Plaintiffs' Applications for Naturalization ('N-400')." They also seek to compel the Defendants to adjudicate their N-400 applications.

The Defendants have filed two separate motions to dismiss the Plaintiffs' claims. The earlier filed motion seeks to dismiss both Plaintiffs' claims for lack of subject matter jurisdiction, and the later filed motion seeks to dismiss Mr. Masoud's claim, as moot. The Plaintiffs oppose both motions. The parties also jointly request a status conference to address Mr. Salhi's N-400 application status.

## III. Issues Presented

The overarching issue presented is whether the Court has subject matter jurisdiction over the Plaintiffs' claims. However, the Court must first determine the threshold issue of whether the claim asserted by Muayyad Masoud is moot.

## IV. Analysis

**A. Motions to Dismiss**

Both motions to dismiss challenge this Court's subject matter jurisdiction fall within the purview of Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) motions generally take one of two forms. *See*

---

[1] At a hearing held September 12, 2006, the Court dismissed claims of a third plaintiff, Mazen Zabadne, as moot, because he was scheduled to be naturalized.

*Stuart v. Colorado Interstate Gas Co.,* 271 F.3d 1221, 1225 (10th Cir. 2001). The moving party may either facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests. *See Maestas v. Lujan,* 351 F.3d 1001, 1013 (10th Cir. 2003). Here, the Defendants have presented evidence to challenge this Court's jurisdiction. The Plaintiffs bear the burden of establishing that the Court has subject matter jurisdiction. *See, e.g., Karnes v. Boeing Co.,* 335 F.3d 1189, 1194 (10th Cir. 2003).

**1. Motion to Dismiss on Mootness Grounds**

The Defendants contend that Mr. Masoud's claim is moot because the United States Customs and Immigration Services[2] ("USCIS") has denied his application for naturalization following completion of all security checks. Mr. Masoud opposes the motion, but does not disagree with the Defendants' position that his claim is moot. Rather, he seeks leave to amend his complaint to include a new claim based upon the denial of his N-400 application, and if leave is granted, he would ask the Court to confer United States citizenship upon him. The Defendants anticipated such request in their motion, and opine that Mr. Masoud can assert no such claims at this juncture because he must first exhaust administrative remedies.

The question of mootness is a threshold inquiry. *See In re L.F. Jennings Oil Co.,* 4 F.3d 887, 889 (10th Cir. 1993). This is because a live case or controversy is a constitutional prerequisite to this Court's exercise of subject matter jurisdiction. *Id.* A case becomes moot when the relief sought in the complaint can no longer be awarded. *See Unified School Dist. No.*

---

[2] Although named in the plural, Defendant USCIS is actually a single entity, and shall be referred to herein in the singular.

*259, Sedgwick County, Kan. v. Disability Rights Center,* 491 F.3d 1143, 1150 (10th Cir. 2007).

In his Complaint, Mr. Masoud asks the Court to compel the Defendants to complete any and all security checks and clearances, and to adjudicate his N-400 application. This has been done. Thus, his claim is moot.

In his response to the motion to dismiss, Mr. Masoud asks for permission to amend his complaint to include a new claim. He contends that the denial of his N-400 application was done in retaliation for his having filed this lawsuit. He would like to assert a new claim under 8 U.S.C. § 1447(b), in which he would ask the Court to confer United States citizenship on him pursuant to Section 310 of the Immigration and Nationalization Act. The Defendants contend that Mr. Masoud cannot assert such claim until after he exhausts administrative remedies.

For the moment, the Court disregards the fact that this request is improperly included in the response to a motion. *See* D.C.COLO.LCivR 7.1(C) (requiring a motion to be stated in a separate document). For Mr. Masoud to challenge the denial of his N-400 application, he must first exhaust available administrative remedies by requesting a hearing before an immigration officer. *See* 8 U.S.C. § 1447(a). According to Mr. Masoud, he has made such request, but the matter is still pending. The Court understands Mr. Masoud's desire to avoid the expense of commencing a new lawsuit to address any issues which may flow from an unfavorable ruling by the immigration officer. However, it is possible that the immigration officer will grant his N-400 application. It is for this reason that Mr. Masoud must exhaust administrative remedies before he can challenge the denial of his naturalization application in this Court. Therefore, the Court dismisses Mr. Masoud's claim, as moot, and denies his request to assert a new claim against the Defendants, without prejudice.

**2. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

The Defendants argue that the Court lacks subject matter jurisdiction over Mr. Salhi's claim. They assert that such claim is moot to the extent Mr. Salhi seeks to compel the FBI to perform a name check, because this has been done, and not ripe to the extent he seeks to compel adjudication of his N-400 application, because a full criminal background check is incomplete. They assert that the criminal background check is part of the "examination" which must occur before the Court may exercise jurisdiction over Mr. Salhi's claim under 8 U.S.C. § 1447(b).[3] They also contend that mandamus relief is not available because the USCIS has no mandatory duty to adjudicate Mr. Salhi's application until after the full criminal background check is complete. Indeed, they contend that Congress forbids any adjudication until after such full criminal background check is complete. They ask the Court to dismiss Mr. Salhi's claims for lack of subject matter jurisdiction, or if the Court determines it has jurisdiction, to remand the matter for a determination of Mr. Salhi's naturalization application.

Mr. Salhi contends that the Court has jurisdiction over his claim pursuant to 8 U.S.C. § 1447(b). He asserts that because the USCIS did not make a determination on his N-400 application within 120 days after he was interviewed, the Court has jurisdiction to either rule upon his application, or remand the matter to the USCIS with directions to determine his application

---

[3] This statute provides:
> (b) Request for hearing before district court
> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

within a specific period of time.

The parties have cited, and the Court is aware of, no binding precedent on this issue. However, the Court is guided by two recent decisions issued by Judge Walker Miller: *Mahd v. Chertoff*, 2007 WL 891867 (D. Colo. Mar. 22, 2007) (slip opinion), and *Alsamir v. United States Citizenship and Immigration Services*, 2007 WL 1430179 (D. Colo. May 14, 2007) (slip opinion). In each case, the plaintiff was a lawful permanent resident of the United States who filed an application for naturalization. In *Mahd*, the plaintiff's application was still pending because the FBI had not completed its name check. By comparison, in *Alsamir*, the name check was completed but the information received by the USCIS had prompted further investigation.

Mr. Mahd claimed that the defendants failed to process his naturalization application within 120 days after his examination as required by 8 U.S.C. § 1447(b), and he asked the court to either determine his application or remand the matter to the USCIS for an immediate decision. Judge Miller determined that an "examination" occurs at the time an applicant is interviewed, then concluded that the court had jurisdiction over Mr. Mahd's claims pursuant to the express language of 8 U.S.C. § 1447(b). He then remanded the matter to the USCIS, required completion of Mr. Mahd's background security check within 45 days, and ordered that a determination be made on Mr. Mahd's application for naturalization within 45 days after receipt of the security check results.

By contrast, Mr. Alsamir sought no relief under 8 U.S.C. § 1447(b), and instead sought mandamus relief under 28 U.S.C. § 1361, and relief under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 704 and 706. Judge Miller concluded that neither of these procedural mechanisms could be used to obtain the relief requested, because Mr. Alsamir had another

statutory remedy available to him under 8 U.S.C. § 1447(b), which he could have pursued. Judge Miller then dismissed Mr. Alsamir's claims, without prejudice, for lack of subject matter jurisdiction.

In the case at bar, Mr. Salhi has requested the relief authorized under 8 U.S.C. § 1447(b), in addition to relief under the APA and mandamus statute. He specifically complains that a decision should have been made on his naturalization application within 120 days after he was interviewed.

Under § 1447(b), the Court has jurisdiction when the USCIS fails to determine an application for naturalization within 120 days after the "date" of the applicant's "examination." The Defendants argue that the examination is not complete until all security checks are complete. Judge Miller rejected this interpretation in the *Mahd* case, and concluded that an examination consists of the USCIS interview of the applicant. He made such determination because 8 C.F.R. § 335.2 explains that an examination occurs after completion of criminal background checks and occurs when the applicant "appear[s] in person before a Service officer designated to conduct examinations" to be questioned under oath. This conclusion is bolstered by 8 U.S.C. § 1447(b), which describes a "date" of examination, and by 8 U.S.C. §§ 1446(b) & (c), which describe an examination as a proceeding conducted by an employee of the Attorney General in which testimony is given under oath and a record is made. Judge Lewis Babcock similarly determined that an "examination" consists of the applicant's interview. *See Juwale v. United States Citizenship and Immigration Services*, 2007 WL 622227 (D. Colo. Feb. 23, 2007).

This Court agrees with both Judge Miller and Judge Babcock that the examination referenced in 8 U.S.C. § 1447(b) occurs on the date when an applicant is interviewed. Mr. Salhi

7

was interviewed by the USCIS on November 30, 2004.  Accordingly, § 1447(b) expressly confers subject matter jurisdiction on this Court to either determine Mr. Salhi's naturalization application, or to remand the matter with instructions to the USCIS.

In the *Mahd* case, Judge Miller found that remand was a better option because courts are not equipped to complete background checks and analyze the information they contain.  The parties agree that if this Court has subject matter jurisdiction, then remand is an appropriate result.  The Court agrees, and will remand the matter to the USCIS with directions.

**B.  Stipulated Motion to Set Status Conference**

The parties have filed a stipulated motion requesting a status conference to address the claims of Mr. Salhi.  The Court agrees that a hearing is needed to determine the specific directions which ought to be given to the USCIS in conjunction with the remand.  Therefore, the parties' request for a hearing is granted.

**IT IS THEREFORE ORDERED** that:

(1) The Defendants' motion **(#24)** to dismiss Mr. Masoud's claim, as moot, is **GRANTED.**  Mr. Masoud's claim is dismissed, as moot.

(2) The Defendants' motion **(#17)** to dismiss Mr. Salhi's claims for lack of jurisdiction, or to remand the matter, is **DENIED** in part and **GRANTED** in part.  The Court denies the motion to the extent the Defendants' seek dismissal of Mr. Salhi's claims, but grants the motion to the extent they seek a remand of the matter to the USCIS.

(3) The parties' Stipulated Motion to Set Status Conference **(#30)** is **GRANTED**.  A hearing is set for **October 5, 2007** at **8:30 a.m.** in Courtroom A901 of the United

States Courthouse located at 901 19th Street, Denver, Colorado.  The parties shall be prepared to address what conditions should be imposed in conjunction with the remand of this matter to the USCIS.

Dated this 11th day of September, 2007

                **BY THE COURT:**

                */s/ Marcia S. Krieger*

                Marcia S. Krieger
                United States District Judge