IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-01133-MSK-MJW

SAMI SALHI,

      Plaintiff,

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,
MARIO ORTIZ, District Director, United States Department of Homeland Security,
Denver, Colorado,

      Defendants.

---

## ORDER DENYING MOTION TO REOPEN CASE

---

THIS MATTER comes before the Court on the Plaintiff's Motion to Reopen the Case, to Order Defendants to Comply with 8 C.F.R. 335.3 and to Declare Plaintiff the Prevailing Party (**#37**), to which the Defendants have responded (**#38**).  Also before the Court is the Plaintiff's Motion for a Hearing (**#39**).  Having considered the same, the Court

      **FINDS** and **CONCLUDES** that:

The Plaintiff, Sami Salhi, commenced this action pursuant to the mandamus statute, 28 U.S.C. § 1361, the Administrative Procedures Act, 5 U.S.C. §§ 704 and 706, and the Immigration and Nationality Act, 8 U.S.C. § 1447(b).  He sought to compel the Defendants to: (1) "complete any and all security checks and clearances required in order to complete the adjudication" of his naturalization application; and (2) to adjudicate his application.

The Court held a hearing on October 5, 2007.  At the hearing, the parties acknowledged that the FBI had completed its investigation of Mr. Salhi, but that the United States Citizenship

and Immigration Service (USCIS) had not finished its security check nor made a determination on

his naturalization application.  The Court then issued an Order remanding the case to the USCIS

for adjudication of Mr. Salhi's naturalization application, and gave the USCIS until November 5,

2007 to complete its adjudication.

The USCIS denied Mr. Salhi's application.  Mr. Salhi now moves this Court to reopen this

case to allow him to challenge the denial of his application.  The Defendants oppose the motion

on the basis that Mr. Salhi cannot proceed on such new claim until after he exhausts

administrative remedies.

Any challenge by Mr. Salhi to the USCIS' denial of his application is a new claim for

relief.  Before such claim can be presented to the Court, Mr. Salhi must exhaust administrative

remedies under 8 U.S.C. § 1447(a), which states: "If, after an examination under section 1446 of

this title, an application for naturalization is denied, the applicant may request a hearing before an

immigration officer."  Such appeal must be made within 30 days after receipt of the notice of

denial.  8 C.F.R. § 336.2(a).  The immigration officer then must schedule a review hearing to

occur not later than 180 days from the date when the appeal is filed.  8 C.F.R. § 336.2(b).  If the

final determination is to deny the application, then the applicant may seek judicial review not later

than 120 days after such final determination is made.  8 C.F.R. § 336.9.  Failure to exhaust

administrative remedies is a bar to judicial review.  8 C.F.R. § 336.9(d) ("A Service determination

denying an application for naturalization under section 335(a) of the Act shall not be subject to

judicial review until the applicant has exhausted those administrative remedies available to the

applicant under section 336 of the Act.").

When there is a statutory and regulatory mechanism for an agency to review its own

decisions, exhaustion of administrative remedies furthers several important interests.  It allows the agency to correct its own errors, it gives the parties and the reviewing court the benefit of the agency's expertise, and it results in compilation of a record for judicial review.  *See Harline v. Drug Enforcement Admin.,* 148 F.3d 1199, 1203 (10th Cir. 1998) (citing *Weinberger v. Salfi,* 422 U.S. 749, 765 (1975)).  Here, exhaustion of administrative remedies is required because it is possible that the immigration officer will grant Mr. Salhi's application after further review.  If not, then development of an administrative record will only benefit the parties and any court which subsequently reviews the denial of Mr. Salhi's application.

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion to Reopen the Case, to Order Defendants to Comply with 8 C.F.R. 335.3 and to Declare Plaintiff the Prevailing Party (**#37**), and his Motion for a Hearing (**#39**), are **DENIED**.

Dated this 19th day of November, 2007

**BY THE COURT:**

Marcia S. Krieger
United States District Judge

3